PETER SCHEY (Cal. Bar No. 58232)
CARLOS HOLGUIN (Cal. Bar No. 90754)
CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
256 South Occidental Blvd.
Los Angeles, CA 90057
Telephone: (213) 388-8693, ext. 309
Facsimile: (213) 386-9484
email: pschey@centerforhumanrights.org
crholguin@centerforhumanrights.org

*Attorneys for Plaintiffs*
*Plaintiffs counsel continued infra*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

CLERGY AND LAITY UNITED FOR ECONOMIC JUSTICE; EL RESCATE; AMNESTY INTERNATIONAL USA, HUMAN RIGHTS WATCH; ALDEA – THE PEOPLE'S JUSTICE CENTER; ALIANZA AMERICAS; IMMIGRANTS' RIGHTS CLINIC AT COLUMBIA LAW SCHOOL; GEOGRAPHIES OF DISPLACEMENT UNIVERSITY OF TEXAS AT AUSTIN AND EL COLEGIO DE SONORA; IMMIGRANT JUSTICE TASK FORCE; INTERFAITH COMMUNITY FOR DETAINED IMMIGRANTS; CALIFORNIA LEAGUE OF UNITED LATIN AMERICAN CITIZENS; LEGAL SERVICES FOR PRISONERS WITH CHILDREN; NO MORE DEATHS; PROJECT LIFELINE; PROYECTO DILLEY; PUBLIC LAW CENTER;

Case No.

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF (FREEDOM OF INFORMATION ACT).**

REFUGEE AND IMMIGRANT CENTER FOR EDUCATION AND LEGAL SERVICES; UNCAGE & REUNITE FAMILIES COALITION; AND WITNESS AT THE BORDER,

Plaintiffs,

v.

DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Defendants.

/ / /

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

*Plaintiffs' counsel continued:*

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing (Cal. Bar No. 61513)
2130 Fulton Street
San Francisco, CA 94117-1080
Telephone: (415) 422-4475
Email: bhing@usfca.edu

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum (Cal. Bar No. 98634)
474 Valencia Street, #295
San Francisco, CA 94103
Telephone: (415) 575-3500
Email: srosenbaum@law.berkeley.edu

*Of counsel:*

LEGAL AND EDUCATIONAL PROGRAMS
THE RIGHT TO IMMIGRATION INSTITUTE
Douglas Smith (MA Bar No. 551677)
14B Felton Street
Waltham, MA 02453
Telephone 781-2548056
Email: dlsmith@therighttoimmigration.org

GREATER DALLAS LEGAL AND COMMUNITY
DEVELOPMENT FOUNDATION
Jose Angel Gutierrez (TEXAS BAR NO. 08642425)
125 Anita Ct.
Redlands, CA 92373
Telephone: 469-867-8199
email: joseangelgutierrez@yahoo.com

ALDEA -THE PEOPLE'S JUSTICE CENTER (PA Bar # 205271)
Bridget Cambria
532 Walnut St.
Reading, PA 19601
Telephone: (601) 451-1792
Email: bridget.cambria@cambriaklinelaw.com

## I

## INTRODUCTION

1. This action for injunctive and declaratory relief is brought under the Freedom of Information Act (FOIA), 5 U.S.C. §552 to compel the Department of Homeland Security (DHS) and Immigration and Customs Enforcement (ICE), a component of the Department of Homeland Security (DHS), to produce records responsive to a FOIA request for certain data in the possession of the DHS and ICE Headquarters and its family detention centers, juvenile detention centers, and locations where parole or credible fear determination records are located.

2. Plaintiffs seek access to the information described in the FOIA request and detailed in the FACTUAL ALLEGATIONS section of this Complaint, in order to further their study and assessment of policies and practices relating to the adjudication of, and delays in processing of parole and credible fear determinations for immigrant minors and their parents in ICE custody.

3. Since DHS and ICE have not responded to Plaintiffs FOIA request of August 4, 2020, Plaintiffs are treating the non-response as the functional equivalent of a denial. DHS and ICE's withholding of the records violates FOIA and DHS's FOIA regulations.

4. Plaintiffs have provided DHS and ICE with more than adequate time to respond to their FOIA request and administrative appeal, and therefore now seek judicial review of DHS's and ICE's failure to release any records in response to Plaintiffs' FOIA request.

## II

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Venue is properly in this judicial district

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

pursuant to 5 U.S.C. § 552(a)(4)(B) because several of the plaintiffs, including Clergy and Laity United for Economic Justice and El Rescate have their principal places of business within the jurisdiction of the Central District of California. See 5 U.S.C. § 552(a)(4)(B) ("Under the FOIA, an agency may be sued in the district where the plaintiff resides or has his principal place of business, or in the district where the records are located, or in the District of Columbia").

## III

## PARTIES

6. Plaintiff Clergy and Laity United for Economic Justice (CLUE) is headquartered in Los Angeles, CA and is a is a non-profit corporation consisting of clergy and lay leaders of all faiths with workers, immigrants and low-income families with a goal of creating a just economy that works for all and protects those most vulnerable. Plaintiff CLUE is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

7. Plaintiff El Rescate is headquartered in Los Angeles, CA and is a non-profit corporation dedicated to empowering immigrants to improve their political and economic well-being in order to promote their full participation as citizens. Plaintiff El Rescate is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

8. Plaintiff Amnesty International USA is a non-profit corporation that draws attention to human rights abuses and campaigns for compliance with international laws and standards. Plaintiff Amnesty International USA is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

9. Plaintiff Human Rights Watch is a non-profit corporation that

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

investigates and reports on human rights abuses internationally. Plaintiff Human Rights Watch is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

10. Plaintiff Aldea – The People's Justice Center, is a non-profit organization based in Reading, PA. The mission of Aldea is to provide a holistic approach to meeting the multi-faceted needs of immigrant community members, including through legal, social, educational, and medical services, including to offer *pro bono* representation to every family detained by ICE in the state of Pennsylvania. Plaintiff Aldea is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

11. Plaintiff Alianza Americas is a non-profit corporation headquartered in Chicago, IL. Its mission is to achieve a more inclusive, equitable and sustainable way of life for Latino immigrant communities in the United States and throughout the Americas. Plaintiff Alianza Americas is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

12. Plaintiff Immigrants' Rights Clinic at Morningside Heights Legal Services, Inc. is a faculty supervised legal clinic based at Columbia Law School in New York, NY ("Immigrants' Rights Clinic"). Law students at the Immigrants' Rights Clinic take on significant case responsibilities on behalf of the most vulnerable immigrants who would otherwise face the deportation process without representation. Plaintiff the Immigrants' Rights Clinic is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

13. Plaintiff Geographies of Displacement is a Joint Research Project of the University of Texas at Austin and El Colegio de Sonora (Austin, TX) ("Geographies of Displacement"). Its research and work focuses on geographies of displacement of Mexican Migrant/Refugee Children and Youth including in the Sonora-Arizona

Borderlands and works to establish new binational partnerships with domestic and international NGOs, government entities, advocates, scholars, and universities, and developing innovative methodologies for migration studies, particularly for research with children/adolescents. Geographies of Displacement is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

14. Plaintiff Immigrant Justice Task Force, Wellington Avenue United Church of Christ is headquartered in Chicago, IL and is a non-profit corporation that is dedicated to ensuring human rights protections and access to justice for all immigrants, refugees and asylum seekers. Plaintiff the Immigrant Justice Task Force is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

15. Plaintiff Interfaith Community for Detained Immigrants (ICDI) is headquartered in Chicago, IL and is a non-profit, interfaith organization called to respond actively and publicly to the suffering of all individuals and communities affected by immigration detention, deportation, and post-detention through spiritual care, accompaniment, advocacy, and public witness. ICDI is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

16. Plaintiff California League of United Latin American Citizens (LULAC) is headquartered in Huntington Beach, CA and is a non-profit corporation. LULAC is the largest and oldest Hispanic Organization in the United States. LULAC advances the economic condition, educational attainment, political influence, housing, health and civil rights of Hispanic Americans through community-based programs operating at more than 1,000 LULAC councils nationwide. The organization involves and serves all Hispanic nationality groups. Historically, LULAC has focused heavily on immigrants' rights, education, civil rights, health, and employment for Hispanics. LULAC is a "person" within the meaning of 5

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

17. Plaintiff Legal Services for Prisoners with Children (LSPC) is headquartered in Oakland, CA and is a non-profit corporation that organizes communities impacted by the criminal justice system and advocates to release incarcerated people, to restore human and civil rights, and to reunify families and communities. LSPC is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

18. Plaintiff No More Deaths is a non-profit corporation and a ministry of the Unitarian Universalist Church of Tucson, AZ, that seeks to end the fatalities of undocumented immigrants crossing the desert regions near the United States-Mexico border. No More Deaths is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

19. Plaintiff Project Lifeline is headquartered in Tiburon, CA and is a non-profit organization committed to supporting immigrant children through legal and medico-legal initiatives. Project Lifeline is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

20. Plaintiff Proyecto Dilley is a local partner of the Immigration Justice Campaign. Its mission is to serve the immigrant mothers and children detained at the South Texas Family Residential Center in Dilley, TX. Most of these families are fleeing extreme violence in Central America and elsewhere. They are in the United States seeking asylum. Plaintiff Proyecto Dilley is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

21. Plaintiff Public Law Center (PLC) is headquartered in Santa Ana, CA

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

and is a pro bono law firm that is committed to providing access to justice for low-income and vulnerable residents, including immigrants in Orange County, California. PLC's legal services for low-income families and children include counseling, individual representation, community education and strategic litigation and advocacy to challenge societal injustices. PLC is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

22. Plaintiff Refugee and Immigrant Center for Education and Legal Services (San Antonio, TX) ("RAICES"), RAICES is a "person" within the meaning of 5 U.S.C. § 551(2), a nonprofit organization working to promote justice for all by providing free and low-cost legal services to underserved immigrant children, families, including asylum seekers and refugees. While RAICES provides legal services primarily in Texas, RAICES advocates for immigrant communities nation-wide. RAICES is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein..

23. Plaintiff Uncage & Reunite Families Coalition headquartered in Tempe, AZ, is a grassroots organization comprised of community activists, religious leaders, and volunteers who advocate for justice and work towards the reunification of children and their families who have been separated at the U.S. border and detained at different locations. Uncage & Reunite Families Coalition is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that requested access to Defendant's records as alleged herein.

24. Plaintiff Witness at the Border (Menlo Park, CA) is an organization of volunteers focusing on immigrant children and families suffering from the Government's family separation, travel ban, immigrant children detained in cages, the Remain in Mexico (MPP) and other Government policies aimed at the swift deportation and expulsion of asylum seekers. Witness at the Border is a "person" within the meaning of 5 U.S.C. § 551(2), and is one of the organizations that

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

requested access to Defendant's records as alleged herein.

25. Defendant U.S. Immigration and Customs Enforcement ICE), is a component of Defendant the Department of Homeland Security (DHS). The DHS and ICE are the agencies from which the requested documents were sought under the Freedom of Information Act.

**IV**

**FACTUAL ALLEGATIONS**

26. On August 4, 2020, Plaintiffs submitted a written request pursuant to 5 U.S.C. § 552 ("FOIA Request") to Defendants DHS and ICE seeking access to documents relating to policies and practices involving the detention of Class Members in *Flores v. Monty Wilkinson*, Case No. CV 85-4544-DMG-AGRx (Central District of California), and when accompanied, their parents. ("Request Letter"). *See* Exhibit A filed herewith.

27. The Request Letter sought documents in the possession of the Department of Homeland Security (DHS) and the Immigration and Customs Enforcement (ICE) Headquarters, its family and juvenile detention centers, and locations where parole or credible fear determination records are archived. The Request sought the following categories of documents:

1. For each parent or guardian *and* for each accompanying *Flores* Class Member detained between January 1, 2020, and the date the FOIA request was received (i) all of their parole worksheets, (ii) all documents relied upon to reach the decisions in the parole worksheets, (iii) all documents regarding interviews with the parents or their children regarding release, (iv) documents showing communications with the parents' or their children's counsel of record, (v) their forms I-860, I-867, I-870, and I-899, and (vi) all G-28 Notice of Appearance forms

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

        filed for the parents or *Flores* Class Member children. Ex. A at 5-7.

2. Regardless of when dated, all current contracts (i.e. those currently in force) relating to the operation of Dilley, Karnes, or Berks including contracts in which ICE or DHS is a party and contracts in which CoreCivic (Dilley), Geo Group (Karnes), or Berks County(Berks), or any other person or entity is a party even if ICE or DHS are not parties. Ex. A at 5-6.

3. Regardless of when dated, all documents that relate to the current state license status of the Dilley, Karnes, and Berks facilities, including but not limited to (i) any license(s) they possess, (ii) application materials relating to the license(s), and (iii) all communications between ICE, DHS, or CoreCivic, Geo Group, or Berks County regarding any of the three facilities' current license(s). (Ex. A at 5-6).

4. Regardless of when dated, all instructions or directions provided to ICE employees working at Dilley, Karnes, and Berks or Dilley, Karnes, and Berks staff relating to the release of minors or their accompanying parents, including instructions or directions relating to (i) which parents may be released or (ii) compliance with the *Flores* Settlement Agreement or any of the Orders issued in *Flores v. Barr*, Cv. No. 85-04544(C.D. Cal.).

28. For *Flores* class members detained at the Cowlitz County Youth Services Center (Cowlitz) in Longview, WA, and the Northern Oregon Regional Correctional Facility (Norcor) in The Dalles, Oregon, from January 1, 2020 to the time Defendants received the request, Plaintiffs sought copies of (i) Class Members' parole worksheets, (ii) documents relied upon to reach the parole decisions, (iii) documents regarding interviews with parents or relatives of the Class Members or with detained class members regarding release, (iv) documents showing communications with the parents' or relatives' or class members' counsel, and (v)

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

forms I-860, I-867, I-870, and I-899, and (vi) G-28 Notice of Appearance forms filed for the class member. The number of *Flores* Class Members detained at these facilities over the requested period of time is relatively low. The request also sought copies of current contracts relating to the detention of *Flores* Class Members at Cowlitz and Norcor, records relating to any licenses possessed by the facilities, and records relating to the *Flores* Settlement Agreement rights of class members detained at Cowlitz and Norcor. Ex. A at 7-8.

29. Finally, the FOIA request sought copies of documents dated on or after January 1, 2019, involving instructions regarding the conduct of or decisions in credible fear of persecution interviews and training materials shared with officers conducting credible fear interviews dated on or after January 1, 2019. (Ex. A at 8).

30. The FOIA Request asked Defendants ICE and DHS to waive fees for processing Plaintiffs' request pursuant to 6 C.F.R. § 5.11(k) on the grounds (i) that Plaintiffs are non-profit organizations, and (ii) that the requested information will be used solely for humanitarian purposes. Ex. A at 3.

31. The FOIA Request also advised, "[i]f you find it impossible to produce all documents called for by this request within the statutorily prescribed time limits, please produce all documents that are located by you within such time and advise us when you believe the remainder of the documents requested will be produced." Ex. A at 3.

32. Regarding the possible assertion of exemptions, the FOIA Request stated:

> If you locate documents responsive to these requests regarding which you claim an exemption in whole or in part from disclosure, please identify (1) the author and his/her position in the Government, (2) the addressee(s), (3) the date of the document(s), (4) the general topic of the document(s), (5) the number of pages in the document(s), and (6) the specific exemption(s) claimed. If you claim an exemption to part(s) of a document, please produce

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

> the portion(s) for which no exemption is claimed and provide the information listed above for the portion(s) for which exemption(s) is/are claimed. This will permit us to determine whether or not to seek administrative or judicial review of your claims of exemption(s).

Ex. A at 8.

33. The DHS confirmed receipt of the FOIA request on August 4, 2020, and assigned it the reference number 2020-HQFO-01576. Plaintiffs do not believe that ICE confirmed receipt of the FOIA request.

34. The DHS and ICE did not timely provide the requested records. Plaintiffs submitted an administrative appeal addressed to FOIA Appeals, U.S. Department of Homeland Security and the Office of the Principal Legal Advisor of the Government Information Law Division on November 11, 2020. Copy filed herewith as Exhibit B. By correspondence dated November 12, 2020, the DHS acknowledged receipt of Plaintiffs' FOIA administrative appeal assigning it number 2021-HQAP-00011 for tracking purposes. Plaintiffs do not believe they have received any acknowledgment from ICE to date.

35. The Appeal reiterated that if DHS finds it impossible to produce all documents called for by the request within the statutorily prescribed time limits, to "please produce all documents that are located within such time and advise us when you believe the remainder of the documents requested will be produced." Ex. B at 7.

36. While Defendants initially indicated an "Estimated Delivery Date" of January 2, 2021, on their online status portal, no records were released by that date and Defendants have not notified Plaintiffs whether they will comply with the FOIA request or by what date they may do so. Thus, under 5 U.S.C. § 552(a)(6)(A)(i) and 5 U.S.C. § 552(a)(6)(C), Plaintiffs have exhausted the applicable administrative remedies with respect to their FOIA request.

37. Plaintiffs have private rights of action against Defendants ICE and DHS, as pleaded herein, pursuant to 5 U.S.C. § 552 and the Administrative

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

Procedure Act, 5 U.S.C. § 706.

**V**

**CLAIMS FOR RELIEF**

38. Plaintiffs reallege and incorporate by reference ¶¶ 1 through 37 of this Complaint as though fully set forth here.

39. Plaintiffs have received no communication from Defendants that contains the notification required by 5 U.S.C. § 552(a)(6)(A)(i). Defendants failure to respond within the statutory time limit violates 5 U.S.C. § 552(a)(6)(A) and is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and in violation of the Administrative Procedure Act, 5 U.S.C. § 706.

40. Defendants' failure to make the records sought by the Request promptly available violates the FOIA, 5 U.S.C. § 552(a)(3)(A), and Defendants' corresponding regulations, and is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and in violation of the Administrative Procedure Act, 5 U.S.C. § 706.

41. Defendants' anticipated wrongful withholdings of specific responsive records, or portions thereof, violates the FOIA, 5 U.S.C. § 552(a)(3)(A), (6)(A), Defendants' corresponding regulations, and will be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and in violation of the Administrative Procedure Act, 5 U.S.C. § 706.

42. Defendants' failure to make a reasonable effort to search for records responsive to the Requests violates the FOIA, 5 U.S.C. § 552(a)(3)(C), and Defendants' corresponding regulations, and is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and in violation of the Administrative Procedure Act, 5 U.S.C. § 706

43. Plaintiffs' FOIA Request seeks disclosure of documents without commercial value and solely to further governmental transparency by allowing a study and assessment of the federal Government's policies relating to the detention

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

and release of detained parents and children. Defendants' refusal to waive or reduce fees for processing Plaintiffs' FOIA Request amounts to a violation of 5 U.S.C. § 552, 6 C.F.R. § 5.11(k)(1), the Administrative Procedure Act, 5 U.S.C. §§ 706, *et seq*., and the Due Process Clause of the Fifth Amendment to the United States Constitution.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs pray this Court —

1. Enjoin Defendants from demanding fees, or refusing to reduce fees, as a condition of producing the records Plaintiffs' FOIA Request seeks;

2. Enjoin Defendants from withholding the agency records Plaintiffs' FOIA Request seeks and require Defendants to produce such records forthwith, or in the alternative, to make a determination forthwith regarding Plaintiffs' FOIA Request that meets the requirements of 5 U.S.C. §552(a)(4)(G)(6) and 6 C.F.R. § 5.5;

3. Make a written finding pursuant to 5 U.S.C. § 552(a)(4)(F) that the circumstances surrounding Defendants' withholding of requested records raise questions whether agency personnel acted arbitrarily or capriciously with respect to such withholding; and

4. Award Plaintiffs reasonable attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) or the Equal Access to Justice Act, 28 U.S.C. § 2412(d);

5. Grant such other and further relief as Plaintiffs may seek or the Court may deem just and proper.

Date: February 9, 2021

Respectfully submitted,
CENTER FOR HUMAN RIGHTS AND CONSTITUTIONAL LAW
PETER SCHEY
CARLOS HOLGUIN

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693

USF SCHOOL OF LAW IMMIGRATION CLINIC
Bill Ong Hing

LA RAZA CENTRO LEGAL, INC.
Stephen Rosenbaum

*Attorneys for Plaintiffs*

*Of counsel:*

LEGAL AND EDUCATIONAL PROGRAMS
THE RIGHT TO IMMIGRATION INSTITUTE
Douglas Smith

GREATER DALLAS LEGAL AND COMMUNITY
DEVELOPMENT FOUNDATION
Jose Angel Gutierrez

ALDEA -THE PEOPLE'S JUSTICE CENTER
Bridget Cambria

*By: /s/ Peter Schey*
Peter Schey
*Attorney for Plaintiffs*

/ / /

Center for Human Rights & Constitutional Law
256 S. Occidental Blvd.
Los Angeles, CA 90057
213/388-8693